[No. B051842. Second Dist., Div. Five. Aug. 20, 1990.]

THE STATE OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
COUNTY OF LOS ANGELES, Real Party in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Robert H. Francis and Marsha S. Miller, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

De Witt W. Clinton, County Counsel, Jonathan B. Crane and Helen S. Parker, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**BOREN, J.**—This proceeding concerns a dispute between the State of California (the State) and the County of Los Angeles (the County) over the State's plans to construct the Mira Loma State Prison near Lancaster. The State filed a petition for writ of mandate after the respondent court sustained the County's demurrer (Code Civ. Proc., § 430.10, subd. (c)) to the State's complaint in eminent domain.[1] The effect of the order was to abate the eminent domain proceeding pending resolution of the County's pending action under the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.), in which it challenged the validity of the environmental impact report (EIR) filed by the State in connection with the project. The petition is granted.[2]

In its demurrer, the County cited authority to the effect that a County victory in the CEQA action would bar the State's eminent domain proceeding until such time as the State filed an EIR which complied with CEQA. (*City of San Jose* v. *Great Oaks Water Co.* (1987) 192 Cal.App.3d 1005 [237 Cal.Rptr. 845].)

The case of *City of San Jose, supra,* might have been dispositive here were it not for the specific pronouncement of the Legislature as to the limited circumstances under which the planning and construction of the prison could be abated. In 1987, the Legislature enacted Senate Bill No. 18 (Stats. 1987, ch. 165) as an urgency measure, for the express purpose of expediting new prison construction. (Sen. Bill No. 18, § 2, subd. (l).) In so doing, the Legislature declared: "Presently, the state prisons are operating

[1] Section 430.10, subdivision (c), permits a party against whom a complaint or cross-complaint has been filed to object to the pleading, by demurrer or answer, on the ground that "There is another action pending between the same parties on the same cause of action."

[2] The County received due notice from petitioners that the issuance of a peremptory writ in the first instance was being sought, and it filed opposition to the petition on July 31, 1990. Accordingly, the issuance of a peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].)

at over 175 percent of capacity and the prison population is still increasing. It is essential to the public safety that construction of new prisons proceeds as expeditiously as possible to relieve prison overcrowding and to maintain public safety and security." (Sen. Bill No. 18, § 9.)

So great was the Legislature's concern that the prison construction might be halted by the filing of a CEQA action that it provided: "The filing of an action pursuant to Division 13 (commencing with Section 21000) of the Public Resources Code involving the project shall not stop the planning and construction of the facility, provided that no temporary restraining order, preliminary injunction, permanent injunction, or any other court order mandating cessation of the activity exists." (Sen. Bill No. 18, § 2, subd. (k).)

█ A fundamental rule of statutory construction is that the court should ascertain and implement the intent of the Legislature, so as to effectuate the purpose of the law. (*Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 121 [253 Cal.Rptr. 1, 763 P.2d 852].) █ Given the Legislature's emphatic pronouncement that the planning and construction of the prison proceed "as expeditiously as possible," we believe it is safe to assume that Legislature included section 2, subdivision (k) in Senate Bill No. 18 to insure that the project could not be halted without some judicial evaluation of the merits of the CEQA action challenging the EIR. Under CEQA, an EIR is presumed adequate (Pub. Resources Code, § 21167.3), and the plaintiff in a CEQA action has the burden of proving otherwise. Senate Bill No. 18 imposes upon the plaintiff the obligation to make a preliminary showing, as it must to obtain a temporary restraining order or an injunction, that the EIR is defective, and that the CEQA action has merit.[3]

In the present case, the County did not avail itself of the only means provided by the Legislature for abating the project. By sustaining the County's demurrer abating the State's eminent domain action on solely procedural grounds, without requiring the County to make the preliminary showing compelled by Senate Bill No. 18, the respondent court violated the spirit, if not the letter, of that statute.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of July 6, 1990, which sustained the demurrer of defendant

---

[3] We therefore conclude that the language "any other court order mandating cessation of the activity" does not encompass the respondent court's order here. The County's demurrer merely raised the existence of the CEQA action as a bar to the eminent domain proceeding, and did not address the merits of the CEQA action.

County of Los Angeles, and to enter a new and different order overruling the demurrer, in that matter entitled State of California v. County of Los Angeles et al., Los Angeles Superior Court, No. BC000884.

Lucas, P. J., and Turner, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied September 20, 1990.